**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Virgil L. Light,

           Plaintiff,

vs.

Karl D. Elledge, et al.,

           Defendants.

CV 16-190-TUC-RM (JR)

**REPORT AND RECOMMENDATION**

On June 14, 2016, Defendants filed a Motion to Dismiss.  (Doc. 8).[1]  Plaintiff filed a Response on July 21, 2016 (Doc. 13) and Defendants filed a Reply on August 1, 2016.  (Doc. 14).  For the reasons stated herein, the Court recommends that the District Court grant Defendants' Motion to Dismiss.

**I.      Factual Background**

In April of 2014, Plaintiff opened an "old fashion candy store" in Bisbee, Arizona; his daughter opened a new age bookstore next to the candy store.  Doc. 1, ¶¶ 16, 17.  Plaintiff alleges that he and his daughter immediately began having problems with local Bisbee residents and in May of 2015, he had to file a multi-count lawsuit in state court alleging defamation and civil conspiracy.  *Id.*, ¶ 18.

_____

[1] "Doc." refers to the docket number in CV 16-190-TUC-RM (JR).

1

1    In the present lawsuit, Plaintiff alleges that since the commencement of his

2 state civil lawsuit in Bisbee, Arizona, he has encountered a constant pattern of

3 prejudice, discrimination, inequitable treatment and due process violations. *Id.*, ¶¶

4 18-20.   He sues Defendant Elledge, individually and in his official capacity as

5 Cochise County Superior Court Judge and Defendant Dunlap, individually and in her

6 official capacity as Cochise County Superior Court Clerk. *Id.*, ¶¶ 10-11. Plaintiff also

7 sues the entire Cochise County Superior Court and the Cochise County Clerk of

8 Courts, as judicial entities exercising constitutional powers in Cochise County,

9 Arizona. *Id.*, ¶ 12.

10    Plaintiff alleges four causes of action: violation of his First Amendment rights

11 in violation of 42 U.S.C. § 1983; violation of his Fourteenth Amendment rights in

12 violation of 42 U.S.C. § 1983; negligence, knowing or reckless disregard, malice and

13 unconstitutional policies, customs and practices; and deprivation of his constitutional

14 rights under color of law in violation of 18 U.S.C. § 242. *Id.*, ¶¶ 21-36, 37-52, 53-68,

15 and 69-79.

16 **II.    Legal Discussion**

17    Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that a court

18 dismiss a cause of action that fails to state a claim upon which relief can be granted.

19 *North Star Int'l. v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).

20 Dismissal is appropriate only when the complaint does not give the defendant fair

21 notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp.*

22 *v. Twombly*, 550 U.S. 544, 555 (2007).   A formulaic recitation of a cause of action

2

1   with conclusory allegations is not sufficient; a plaintiff must plead facts showing that

2   a violation is not just possible, but also plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662,

3   678 (2009).

4        In considering whether the complaint is sufficient to state a claim, a court will

5   take all material allegations as true and construe them in the light most favorable to

6   the plaintiff.  *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  A court,

7   however, need not accept a plaintiff's legal conclusions as true.  *Iqbal*, 556 U.S. at

8   678.  Nor must a court presume the veracity of the legal conclusions that are couched

9   as factual allegations.  *Twombly*, 550 U.S. at  555.

10       **A.       Defendant Elledge**

11       Absolute immunity is accorded to judges functioning in their official

12   capacities.  *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).   In

13   determining whether a judge was acting in his judicial capacity, courts should look to

14   the "nature of the act itself, i.e., whether it is a function normally performed by a

15   judge, and to the expectations of the parties, i.e., whether they dealt with the judge in

16   his judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (quoting *Stump v.

17   Sparkman*, 435 U.S. 349, 362 (1978)).

18       Judges are immune from suit for all actions within their jurisdiction.  *Stump,*

19   435 U.S. at 356, 364.  The scope of a judge's jurisdiction must be construed broadly

20   where the issue is the immunity of the judge.  *Id.*  Further, "a judge will not be

21   deprived of immunity because the action he took was in error, was done maliciously,

22

3

1   or was in excess of his authority." *Id.; see also Mireles,* 502 U.S. at 11 (judicial

2   immunity is not overcome by allegations of bad faith or malice).

3        Here, Plaintiff alleges that Judge Elledge took the following improper actions:

4   he admonished Plaintiff not to disparage defense counsel; he ordered Plaintiff's

5   daughter not to display certain evidence in the courtroom; he imposed stringent and

6   technical pleading requirements; he refused to schedule a hearing for contempt, a

7   temporary restraining order or an injunction; he summarily dismissed Plaintiff's

8   motions; he scheduled hearings up to six months out; he performed his own research;

9   he refused to disqualify himself from the case; and he ultimately granted defense

10   counsel's motion to dismiss for failure to state a claim.  Doc. 1, ¶ 20.

11        If true, all of these actions were performed by Judge Elledge in the course of

12   litigation.  He was clearly acting in his judicial capacity when he set matters for

13   hearing, took control of his courtroom and researched and ruled on motions.  All of

14   his challenged actions concern duties routinely performed by a judge in the course of

15   litigation.  Additionally, Judge Elledge, a superior court judge presiding over a civil

16   action, had both personal and subject-matter jurisdiction over Plaintiff's state lawsuit.

17   Plaintiff fails to present evidence otherwise.  Defendant Elledge is immune from suit.

18      **B.**    **Defendant Dunlap**

19        Court clerks "have absolute quasi-judicial immunity from damages for civil

20   rights violations when they perform tasks that are an integral part of the judicial

21   process." *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir.1987). In

22   *Mullis*, the plaintiff alleged that the bankruptcy court clerks failed to provide him

1  with proper counseling and notice as required by statute, accepted and filed an

2  incomplete bankruptcy petition and later refused to accept an amended petition. 828

3  F.2d at 1390. On appeal, the Ninth Circuit Court of Appeals held that even taking

4  plaintiff's allegations as true, the clerk's actions were "all properly . . . characterized

5  as integral parts of the judicial process." *Id*. The court reasoned that "[t]he clerk of

6  court and deputy clerks are the officials through whom such filing is done.

7  Consequently, the clerks qualify for quasi-judicial immunity unless these acts were

8  done in the clear absence of all jurisdiction." *Id.*

9      In his Complaint, Plaintiff provides mostly examples of how unnamed clerks

10  failed to carry out their duties.  Doc. 1, ¶ 20.  Plaintiff does not specifically allege

11  that Defendant Dunlap performed any task, much less a task that was outside of the

12  judicial process.  The lawsuit against her must be dismissed.  *See Rizzo v. Goode*, 423

13  U.S. 362, 371-72 (1976) (to state a valid claim under § 1983, a plaintiff must allege

14  that he suffered a specific injury as a result of specific conduct of a defendant and

15  show an affirmative link between the injury and the conduct of that defendant);

16  *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (dismissal can be

17  based on the lack of a cognizable legal theory or the absence of sufficient facts

18  alleged under a cognizable legal theory).

19      Plaintiff does refer to a couple of instances which, if true, would not be

20  properly characterized as integral parts of the judicial process. For example, he states

21  that the week before his state court case was dismissed two deputy clerks were

22  overheard referring to his case as "fossil maintenance."  Doc. 1, ¶ 20.  He also alleges

5

1    that a retired deputy clerk told him in writing, "If you were not born or raised in

2    Bisbee. You do not have the right to sue anyone, the only right is GET THE HELL

3    OUT OF DODGE!!!!!!!!!  You don't belong here."  *Id*.  Even assuming the Plaintiff

4    could affirmatively link his injury to the conduct of these clerks and thereby state a

5    valid claim under § 1983, *see Rizzo*, 423 U.S. at 362, 371-72), the action against

6    Defendant Dunlap would nonetheless have to be dismissed.  There is no respondeat

7    superior liability in section 1983 cases, *Monell v. Dep't of Social Svcs.*, 436 U.S. 658,

8    691 (1978), and Defendant Dunlap cannot be vicariously liable for the conduct of her

9    deputy clerks, retired or otherwise.

10        **C.      Defendants Cochise County Superior Court and Clerk of Courts**

11        In *Yamamoto v. Santa Cruz County Board of Supervisors*, 606 P.2d 28 (1979),

12   the plaintiff sued the Santa Cruz County Board of Supervisors, the Superior Court

13   and its clerk.  *Id*. at 29.  With respect to the claims against the Cochise County

14   Superior Court, the Arizona Court of Appeals held that a court is not sui juris, it

15   cannot sue or be sued, and therefore, was not a proper defendant and was properly

16   dismissed with prejudice.  *Id*.; *see also Clark v. Clark*, 984 F.2d 272, 273 (8th Cir.

17   1993) (holding that a state court is not a "person" subject to suit under § 1983).  This

18   same reasoning applies to the Clerk of Courts.  *See Parson v. Bourff*, 739 F.Supp

19   1266, 1266-68 (S.D. Ind. 1989) (dismissing § 1983 claims against clerk of court

20   because clerk is a state official).

21        Additionally, Plaintiff's lawsuit against both the court and the clerk of courts

22   is barred by the Eleventh Amendment to the United States Constitution which

6

1   prohibits a citizen from suing his own state, directly or through its agencies, without

2   its consent. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144

3   (1993); *Beentjes v. Placer Cty. Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th

4   Cir. 2005); *Clark*, 984 F.2d at 273.   Consent or waiver is not easily established.

5   *Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir.1995).   "Waiver of Eleventh

6   Amendment immunity by a state will be found only where stated by the most express

7   language or by such overwhelming implication from the text [of a state statute] as

8   [will] leave no room for any other reasonable construction."   *Id*. at 319.   Here,

9   Plaintiff has offered no authority upon which the Court could find that the Cochise

10  County Superior Court or the Clerk of Court have waived their Eleventh Amendment

11  Immunity.  Accordingly, those State entities are immune from suit under 42 U.S.C. §

12  1983 pursuant to the Eleventh Amendment.

13  **III.    Leave to Amend**

14          If the court grants a motion to dismiss, it must then decide whether to grant

15  leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to

16  amend "shall be freely granted when justice so requires," bearing in mind "the

17  underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the

18  pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9[th]Cir.2000) (en

19  banc). Generally, leave to amend shall be denied only if allowing amendment would

20  unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving

21  party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522,

22  532 (9[th]Cir. 2008).

1   With these low standards in mind, the Court recommends that the District

2   Court permit the Plaintiff to file within 30 days an amended complaint to cure the

3   deficiencies outlined above. An amended complaint should contain short, plain

4   statements advising the Court of the following: (1) the constitutional right violated;

5   (2) the name of the defendant who violated the right; (3) exactly what that defendant

6   did or failed to do; (4) how the action or inaction of that defendant is connected to the

7   violation of Plaintiff's constitutional rights; and (5) what specific injury the Plaintiff

8   suffered because of that defendant's conduct. Plaintiff must repeat this process for

9   each person named as a defendant.

10   If Plaintiff fails to affirmatively link the conduct of each named defendant

11   with the specific injury suffered by the Plaintiff, this Court will recommend that the

12   District Court dismiss the allegations for failure to state a claim.

13   **IV.   Recommendation**

14   Based on the foregoing, the Magistrate Judge recommends that the District

15   Court, after its independent review, **grant** Defendants' Motion to Dismiss (Doc. 8)

16   and grant Plaintiff **leave to amend** the Complaint subject to the limitations described

17   in this recommendation. The Magistrate Judge further recommends that if Plaintiff

18   fails to file an amended complaint within 30 days, the Clerk of the Court should be

19   ordered to, without further notice, enter a judgment of dismissal of this action with

20   prejudice.

21   This Recommendation is not an order that is immediately appealable to the

22   Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1),

Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court.  *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  No replies shall be filed without leave of the District Court.  If any objections are filed, this action should be designated case number: **CV 16-190-TUC-RM**.  Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (*en banc*).

Dated this 1st day of September, 2016.

Honorable Jacqueline M. Rateau
United States Magistrate Judge